# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**EDWARD JARKA, JR.,**

       **Plaintiff,**

**v.**                                                          **Case No. 8:17-cv-3052-T-AAS**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration,**

       **Defendant.**
_____/

## ORDER

Edward Jarka seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), administrative record, pleadings, and joint memorandum the parties submitted, the Commissioner's decision is **REMANDED** for further consideration consistent with this order.

## I.     PROCEDURAL HISTORY

Mr. Jarka applied for DIB benefits because of a disability he claims began on June 14, 2013. (Tr. 216–17). Disability examiners denied Mr. Jarka's application initially and after reconsideration. (Tr. 92–102, 105–16). Mr. Jarka then requested a hearing before an ALJ, who found Mr. Jarka not disabled. (Tr. 17–32, 133–34).

After the ALJ issued her decision, Mr. Jarka submitted additional evidence to the Appeals Council. (Tr. 2). The Appeals Council determined Mr. Jarka's additional evidence was unrelated to his DIB application. (*Id.*). The Appeals Council therefore denied Mr. Jarka's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–3). Mr. Jarka now seeks judicial review of the Commissioner's final decision. (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.    Background

Mr. Jarka was fifty-one years old when he submitted his DIB application and fifty-three years old when the ALJ held the hearing. (Tr. 40, 216). Mr. Jarka has specialized education in automotive technology. (Tr. 47). He has past relevant work as an automobile mechanic. (Tr. 77). He claimed disability because of lower-back pain, "pain in right leg," rheumatoid arthritis, high blood pressure, high cholesterol, and depression. (Tr. 92).

### B.    Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. § 404.1520(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limit his physical or mental ability

---

[1] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. § 404.1572.

to perform basic work activities, then he does not have a severe impairment and is not disabled. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment included in the Listings, he is not disabled. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent him from performing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing other work that exists in the national economy, then he is not disabled. § 404.1520(g).

The ALJ here determined Mr. Jarka engaged in no substantial gainful activity since his alleged onset date. (Tr. 19). The ALJ found Mr. Jarka has severe impairments: "spine disorders and sprains/strains." (*Id.*). Nonetheless, the ALJ found Mr. Jarka's impairments or combination of impairments failed to meet or medically equal the severity of an impairment included in the Listings. (Tr. 22) (citations omitted).

The ALJ then found Mr. Jarka has an RFC to perform light work with the following limitations:

> [Mr. Jarka] can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can push and pull as much as the claimant can

---

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. § 404.1545.

lift and carry. The claimant can sit six hours in an eight-hour workday. The claimant can stand and/or walk six hours out of an eight-hour workday. The claimant can frequently operate foot controls with the right lower extremity. The claimant can frequently reach overhead bilaterally. The claimant can frequently climb ramps and stairs, but only occasionally climb ladders. The claimant can frequently balance and occasionally stoop, kneel, crouch, and crawl. The claimant can maintain one position for a minimum of 45 minutes and then would have to stand at the workstation, and as a result, the claimant will be off task up to ten percent of the workday.

(Tr. 23) (citation omitted). Based on these findings, the ALJ determined Mr. Jarka could perform jobs that exist in significant numbers in the national economy, specifically as an information clerk, mail clerk, and routing clerk. (Tr. 31). The ALJ therefore found Mr. Jarka not disabled from his alleged onset date through the date of the ALJ's decision. (Tr. 32).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240

n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.    Issues on Appeal

Mr. Jarka argues the court should remand the ALJ's decision for four reasons. (Doc. 19, pp. 17–48; Doc. 23). First, he argues the Appeals Council erred when it found evidence submitted after the ALJ's decision unrelated to the period relevant to the ALJ's decision. (Doc. 19, pp. 17–19). Second, Mr. Jarka argues substantial evidence does not support the ALJ's RFC determination. (*Id.* at 22–29). Third, Mr. Jarka argues the ALJ erred when she found Mr. Jarka's statements about the intensity of his impairments not entirely consistent with medical evidence. (*Id.* at 37–41). Fourth, Mr. Jarka argues the Commissioner failed to prove Mr. Jarka could perform other work in the national economy. (*Id.* at 46–47).

This order will focus on Mr. Jarka's first argument: whether the Appeals Council erred when it found evidence submitted after the ALJ's decision unrelated to the period relevant to the ALJ's decision.

\*    \*    \*

1.  Evidence Submitted to Appeals Council

Mr. Jarka argues the Appeals Council erred when it declined to review the ALJ's decision after receiving new evidence. (Doc. 19, pp. 17–19). Less than one month after the ALJ's decision, Mr. Jarka submitted evidence showing Dr. William Vargas prescribed a cane to Mr. Jarka because of his "radiculopathy, lumbar region." (Tr. 13). According to Mr. Jarka, the Appeals Council erred when it determined the prescription from Dr. Vargas is unrelated to the period relevant to the ALJ's decision. (Doc. 19, pp. 17–19).

Mr. Jarka argues the prescription from Dr. Vargas is relevant to the time period the ALJ considered because evidence shows Mr. Jarka consistently used a cane and the ALJ noted Mr. Jarka's non-prescribed cane when she found Mr. Jarka not disabled. (*Id.* at 18–19). Mr. Jarka therefore requests the court remand his case because the new evidence from Dr. Vargas could reasonably change the ALJ's decision about Mr. Jarka's DIB application. (*Id* at 19).

The Commissioner argues the cane prescription from Dr. Vargas is not chronologically relevant to the period considered in the ALJ's decision. (*Id.* at 19–22). The Commissioner points out the prescription from Dr. Vargas fails to indicate it relates back to the time period before the ALJ's decision. (*Id.* at 20). Nor does the prescription indicate Dr. Vargas prescribed a cane after reviewing evidence the ALJ considered in her decision. (*Id.*). And the Commissioner argues even if the prescription from Dr. Vargas is chronologically relevant, Mr. Jarka fails to show how

6

the prescription creates a reasonable possibility the ALJ would change her decision; so, remand is inappropriate. (Doc. 19, pp. 21–22).

The Commissioner considers new evidence at each step of the administrative process. *See* 20 C.F.R. § 404.900(b) (2016) (stating the Commissioner "will consider at each step of the review process any information" the claimant presents); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citation omitted). The Appeals Council will review the ALJ's decision if a claimant submits additional evidence that is new, material, and relates to the period before the ALJ's decision (i.e., the evidence is chronologically relevant). § 404.970(4) (2016); *Ingram*, 496 F.3d at 1261 (citation omitted).

Evidence is new when the claimant submits it to the Appeals Council after the ALJ's decision. *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (discussing evidence claimant submitted to the Appeals Council after the ALJ's decision); *Hargress v. Soc. Sec. Admin, Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (same). Evidence is material if a reasonable probability exists the new evidence would change the administrative result. *Washington*, 806 F.3d at 1321 (quotation and citation omitted). And evidence is chronologically relevant if it "relates to the period on or before the date of [the ALJ's] decision." § 404.970(5); *Hargress*, 883 F.3d at 1309 (citations omitted). Medical evidence may be chronologically relevant even if it is based on treatment the claimant received after the ALJ's decision. *Washington*, 806 F.3d at 1322–23 (citation omitted).

In determining whether new evidence relates back to the period on or before the ALJ's decision, courts consider the following: (1) whether, during the period relevant to the ALJ's decision, the claimant described the symptoms the new evidence addresses; (2) whether the doctor, who generated the new evidence, reviewed the claimant's treatment notes from the period relevant to the ALJ's decision; and (3) whether evidence exists showing the claimant's condition deteriorated after the ALJ's decision. *See Washington*, 806 F.3d at 1322–23 (discussing why new evidence submitted after the ALJ's decision was chronologically relevant); *see also Hargress*, 883 F.3d at 1309 (citation omitted) (discussing three factors *Washington* considered under the "special circumstances" of that case).

The Appeals Council's decision whether to review the ALJ's decision because of new evidence is subject judicial review. *Washington*, 806 F.3d at 1320 (quotation and citation omitted). Whether evidence submitted to the Appeals Council is new, material, and chronologically relevant, is a legal question subject to de novo review. *Id.* at 1321 (citations omitted).

The Appeals Council erred when it declined to review the ALJ's decision in light of the new evidence Mr. Jarka submitted. The cane prescription from Dr. Vargas is new because Mr. Jarka submitted it after the ALJ's decision. The prescription from Dr. Vargas is material because a reasonable probability exists that it would change the administrative result. In her decision, the ALJ noted Mr. Jarka uses a cane, but the ALJ also noted no doctor prescribed Mr. Jarka's cane. (Tr. 21, 24, 25). And, at the hearing before the ALJ, the vocational expert (VE) testified Mr.

Jarka could not work as an information clerk, mail clerk, or routing clerk because using the cane to ambulate or stand would put Mr. Jarka off task more than ten percent of the day. (Tr. 84).[4]

So, based on her decision, the ALJ considered that no doctor prescribed Mr. Jarka's cane as important to his disability claim. If the ALJ had evidence that a

---

[4] Below is the relevant testimony from the hearing:

Mr. Jarka's attorney: Okay. Now the jobs you cited, can they be performed with the use of a cane?

VE: Yes, I don't see what the problem is. If you're talking about the use of a cane in the dominate hand while standing, then they would probably--their off task percentage would increase or their productivity would decrease--

Mr. Jarka's attorney: Well, let's say the person needs to use a cane for even occasional standing and walking, would they be able to perform the jobs you cited as information clerk, mail clerk, and routing clerk?

VE: I think it would be reasonable to say, could not. And that would be because of the dominate hand use with the cane would make the job unproductive and he'd have to be sitting while he's performing those jobs. And these jobs are basically sit/stand.

ALJ: Can I just add for clarification, or ask, that is a function of "off task," is that right?

VE: Yes. And productivity.

ALJ: So, what she's--what the counsel is asking you basically is what if the need to utilize the cane to ambulate or to stand would put him off task more than ten percent of the day?

VE: That's correct.

(Tr. 84).

doctor prescribed Mr. Jarka's cane, that could have changed the ALJ's decision because the VE testified Mr. Jarka could not work as an information clerk, mail clerk, or routing clerk if he had to use a cane to ambulate or stand. The prescription from Dr. Vargas is therefore material.

The prescription from Dr. Vargas is also chronologically relevant to the time period the ALJ considered. During the time period the ALJ considered, Mr. Jarka reported using a cane for support because he lost his balance a few times. (Tr. 63, 733). Drs. Vargas and Saqib Khan also observed Mr. Jarka walking with a cane during visits when Mr. Jarka reported low back pain and bilateral leg pain. (Tr. 754, 757, 760, 764). Dr. Vargas, who prescribed the cane, treated Mr. Jarka and repeatedly reviewed his treatment history during the time period the ALJ considered. (Tr. 754, 757). And no other evidence exists showing Mr. Jarka's condition deteriorated after the ALJ's decision. So, the cane prescription from Dr. Vargas is chronologically relevant to the time period the ALJ considered.

\* \* \*

The cane prescription Dr. Vargas wrote because of Mr. Jarka's "radiculopathy, lumbar region"—dated less than one month after the ALJ's decision—is new, material, and chronologically relevant. The Appeals Council therefore erred when it declined to review the ALJ's decision.

2. Remaining Issues

If the Commissioner denies benefits based on an issue that requires remand, the reviewing court need not address other issues the claimant raised. *See Demench*

*v. Sec'y of Dept. of Health and Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address other issues claimant raised on appeal when the ALJ erred on one issue); *see also Freese v. Astrue*, No. 8:06-CV-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008) (same).

The Commissioner's final decision to deny Mr. Jarka's DIB application is based on the Appeals Council's decision to not review the ALJ's decision because of the cane prescription from Dr. Vargas. This order need not address the three other issues Mr. Jarka raised because the Appeals Council's error requires remand.

## IV. CONCLUSION

The Appeals Council erred when it declined to review the ALJ's decision because the evidence Mr. Jarka submitted less than one month after the ALJ's decision is new, material, and chronologically relevant.

The Commissioner's decision is therefore **REMANDED** for further consideration consistent with this order, and the case is **DISMISSED**. The Clerk of Court must enter final judgment for Mr. Jarka consistent with 42 U.S.C. Sections 405(g) and 1383(c)(3).

**ORDERED** in Tampa, Florida, on March 13, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge