UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD JARKA, JR.,

    Plaintiff,

v.                                                                     Case No. 8:17-cv-3052-T-AAS

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

    Defendant.
_____/

## ORDER

Edward Jarka moves for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. (Doc. 26). The Commissioner consents to Mr. Jarka's motion. (*Id.* at 2). Mr. Jarka requests $7,814.38 in attorney's fees, $40 for serving the government, and $400 for his filing fee.

A party who prevails against the United States may recover reasonable attorney's fees and costs under the EAJA. 28 U.S.C. § 2412.

The March 13th order remanded the Commissioner's final decision under sentence four of 42 U.S.C. Section 405(g) for further administrative proceedings. (Doc. 24). The Clerk entered judgment in Mr. Jarka's favor. (Doc. 25). Mr. Jarka now requests attorney's fees and costs under the EAJA. (Doc. 26).[1]

---

[1] The United States and its agencies and employees have sixty days to appeal a judgment. Fed. R. App. P. 4(a)(1)(b); 26(a)(1). The sixty-day appeal period for Mr. Jarka's judgment expired May 14th, at which point judgment became final. A party moving for attorney's fees under the EAJA must do so within thirty days of final

1

The Commissioner does not contest the following: Mr. Jarka is the prevailing party; Mr. Jarka's net worth was less than $2 million when he filed his complaint; the Commissioner's position was not substantially justified; no special circumstances make an attorney's fees award unjust; and Mr. Jarka's attorney's fees request is unreasonable. A court should grant a Social Security claimant's request for attorney's fees when it is unopposed. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). Therefore, Mr. Jarka may recover $7,814.38 in attorney's fees, $40 in expenses, and $400 for his filing fee.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following this order, the United States Department of the Treasury will determine whether Mr. Jarka owes a debt to the United States. Mr. Jarka also assigned his rights to EAJA fees to his attorney. So, if Mr. Jarka has no federal debt, the United States will accept Mr. Jarka's assignment of EAJA fees and pay the fees directly to his counsel.

Accordingly, Mr. Jarka's motion for attorney's fees and costs under the EAJA (Doc. 26) is **GRANTED**. Mr. Jarka is awarded **$7,814.38** in attorney's fees, **$40** for serving the government, and **$400** for the filing fee.

---

judgment. 28 U.S.C. § 2412(d)(1)(B); Fed. R. Civ. P. 6(a)(1). Mr. Jarka's deadline for moving for attorney's fees under the EAJA fees is June 14th. Mr. Jarka submitted his motion before his thirty-day period expired. The court therefore has jurisdiction to award Mr. Jarka attorney's fees and costs under the EAJA.

**ORDERED** in Tampa, Florida, on May 15, 2019.

*[Signature: Amanda Arnold Sansone]*
AMANDA ARNOLD SANSONE
United States Magistrate Judge